UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

SARA ELIZABETH KOVAL,   Case No. 10-31750-dof
                         Chapter 7 Proceeding
    Debtor.              Hon. Daniel S. Opperman
_____/

Opinion Regarding Application for Approval of Payment for Attorney Fees of Debtor's Counsel

On September 29, 2011, the Court issued an Opinion regarding the Debtor's Motion for Order to Show Cause. In that Opinion, the Court directed Debtor's counsel to submit a pleading detailing the fees and expenses incurred as a result of the violation of the automatic stay as found in the Court's Opinion. On December 1, 2011, Debtor's counsel filed a Fee Application and a timely Objection was filed by creditor, J. Michael Smith, on December 13, 2011. The Court conducted a hearing regarding the Fee Application on January 4, 2012, and took this matter under advisement. For the reasons stated in this Opinion, the Court awards fees of $1,220.00 and costs of $190.10.

Statement of Facts

For the sake of brevity, the Court restates the facts in the Opinion of September 29, 2011, and supplements those findings of facts with the following. The Debtor, Sara Koval, after receiving notice that the state court action against her by her former attorney, J. Michael Smith was continuing, contacted Andrew L. Campbell and entered into a fee agreement with him on June 23, 2010. Pertinent portions of that agreement are as follows:

> 3. Client understands that Firm may advance any expenses and court costs that Firm incurs on behalf of Client in connection with the foregoing claims. These expenses and costs are Client's responsibility and, in the event of recovery, will be deducted

1

from any gross recovery. Costs may include copy fees at the rate of .15/page, filing fees, service of process fees, postage, mailing, deposition transcript fees, court reporter fees, mileage at the IRS yearly applicable rate, and other applicable costs. If there is no recovery, Client is nevertheless responsible for payment of expenses and costs.

. . .

6. No legal fee will be charged if no money or property is recovered.

Mr. Campbell originally sought fees of $2,515.00, but since an objection was filed to the Fee Application, he now seeks $4,952.50. In addition, Mr. Campbell seeks costs of $190.10, as well as fees of $1,220.00 for Mr. Dern who was retained to appear when Mr. Smith claimed that Mr. Campbell would be a witness at the evidentiary hearing.

Mr. Smith objects to the fees requested by Mr. Campbell and, by proxy, Mr. Dern, because he has filed a Motion for Reconsideration of the Court's Opinion and because the retainer agreement provides that no fees shall be paid if there is no recovery. The Court has issued its Order Denying that Motion for Reconsideration. As stated in the Court's September 29, 2011, Opinion, the Court found that the Debtor did not incur any actual economic damages.

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Statute

11 U.S.C. § 362(k) provides:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

(2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

Analysis

The statute, by its very nature, distinguishes between actual damages and attorney fees and costs. Accordingly, there is no statutory prohibition for this Court to award attorney fees and costs even if there are no actual damages.

What is more problematic in this case, however, is the retainer agreement between the Debtor and Mr. Campbell. In particular, paragraph 3 distinguishes between costs and expenses and states that costs and expenses are the client's responsibility. Further, paragraph 6 states that there will be no legal fee charged if no money or property is recovered. While Debtor's counsel argues that he recovered property in the form of an enforcement of the Debtor's legal rights under 11 U.S.C. § 362, this interest cannot be considered a property interest for purposes of the retainer agreement. Otherwise, in every case an attorney could claim that the client received some sort of legal right, such as the right to a fair trial, even if the party loses completely, and then charge the client a fee for doing so. Moreover, the spirit of the agreement is that the client would not be forced to pay money to an attorney if there is no financial benefit for that client. In this case, that certainly appears to be the situation. The retainer agreement, however, clearly makes the payment of expenses and costs a responsibility of the Debtor. Moreover, had Mr. Smith not violated the automatic stay, then the Debtor would not have incurred those fees and expenses. Accordingly, the Court concludes that expenses of $190.10 should be awarded in favor of the Debtor and against Mr. Smith.

In regard to Mr. Dern, no such retainer agreement exists. The Court has had the opportunity to review the statement of services for Mr. Dern and although the description of those services are

extremely concise, the Court does conclude that Mr. Dern did provide these services in the time periods as indicated and that these services were necessary in this case. In particular, the Court notes that Mr. Smith raised the issue of whether Mr. Campbell had to testify as a witness in the evidentiary hearing. Without expressing an opinion as to whether that conclusion is correct, the safer course for the Debtor was to have counsel available for the evidentiary hearing. Since the Court concludes that Mr. Smith raised the issue of the need for additional counsel, he cannot now be heard to complain as to the costs of that counsel.

In conclusion, the Court holds that the retainer agreement and the facts of this case require the Court to award fees in the amount of $1,220.00 and costs and expenses of $190.10 in favor of the Debtor, Sara Koval, and assessed against J. Michael Smith.

Counsel for the Debtor is directed to prepare an order consistent with this Opinion and either procure the approval of counsel for Mr. Smith or comply with the notice of presentment rules of this Court.

Not for publication

```
Signed on January 23, 2012
                                        /s/ Daniel S. Opperman
                                  Daniel S. Opperman
                                  United States Bankruptcy Judge
```